Filed 8/19/24  P. v. Moya CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARTIN MOYA,<br><br>    Defendant and Appellant. | 2d Crim. No. B327553<br>(Super. Ct. No. 2022023439)<br>(Ventura County) |

Martin Moya appeals from the judgment after a jury convicted him of two counts of failing to register as sex offender.  (Pen. Code,[1] §§ 290.011, subd. (a), 290.012, subd. (a).)  The trial court sentenced him to 16 months in state prison.  Moya contends the prosecutor committed misconduct by questioning a witness regarding the prohibition against sex offenders entering school grounds.  We affirm.

---

[1] Statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL HISTORY

Moya was required to register as a sex offender. He registered in June 2018 and again in November 2021. In February 2022, Moya was cited for failing to register. He was cited again the following September by Corporal Karl Reyes of the Ventura Police Department.

During trial, the prosecutor elicited the following testimony from Patrick Furlong, an investigative technician with Ventura police:

"[Prosecutor]: At the time that Corporal Reyes contacted you . . . what types of crimes were you investigating at that time? Meaning, there [are] a number of restrictions or rules related to registrants, one being that you can't go on school grounds; is that correct?

"[Furlong]: Correct.

"[Prosecutor]: Were you investigating that that day?

"[Furlong]: I was not.

"[Prosecutor]: Because . . . where [Moya] was detained was not in the area of a school; correct?

"[Furlong]: Correct.

"[Prosecutor]: So on September 12th of 2022, what crimes or allegations were you investigating?

2

> "[Furlong]:     That [Moya] failed to register as a transient wherever he was physically present in the state of California."

The prosecutor also asked Furlong about the duties of sex offender registrants:

> "[Prosecutor]: Is there also an additional duty on registrants who register as transient, and what is that requirement?
>
> "[Furlong]:     Pursuant to [section] 290.012, every registrant must register within five working days before or after their birthday.
>
> "[Prosecutor]: And if they register as transient, is there an additional duty?
>
> "[Furlong]:     If registered as transient pursuant to . . . [s]ection 290.011, they must register wherever they are physically present within 30 days.
>
> "[Prosecutor]: Again, I mentioned that perhaps it would be a violation if someone went on a [*sic*] school grounds."

Moya's counsel did not object to the prosecutor's questions. The jury convicted Moya of two counts of failing to register as a sex offender, and the trial court sentenced him to 16 months in state prison.

## DISCUSSION

Moya contends the prosecutor engaged in misconduct by asking Furlong questions regarding the prohibition against sex offenders entering school grounds. But Moya did not object to the prosecutor's questions. Nor has he shown that it would have been futile to do so. He has thus forfeited his contention on appeal. (*People v. Powell* (2018) 6 Cal.5th 136, 171.)

Reversal would not be warranted even if Moya had objected. "A prosecutor's conduct violates the Fourteenth Amendment to the federal Constitution when it infects the trial with such unfairness as to make the conviction a denial of due process. Conduct by a prosecutor that does not render a criminal trial fundamentally unfair is prosecutorial misconduct under state law only if it involves the use of deceptive or reprehensible methods to attempt to persuade either the trial court or the jury. Furthermore, and particularly pertinent here, when the claim focuses upon comments made by the prosecutor before the jury, the question is whether there is a reasonable likelihood that the jury construed or applied any of the complained-of remarks in an objectionable fashion." (*People v. Morales* (2001) 25 Cal.4th 34, 44.)

Here, the prosecutor's questions to Furlong were unnecessary. But we nevertheless conclude they neither deprived Moya of due process nor amounted to deceptive or reprehensible conduct requiring reversal. During questioning, the prosecutor confirmed that Furlong was not investigating a school ground prohibition violation and that Moya had not been detained on school grounds. We thus see no reasonable likelihood jurors inferred that he "molested children or hung out around schools," as he avers. Moreover, had Moya believed the prosecutors' questions suggested as much, he could have cross-examined Furlong on that. He did not.

4

We also see no reasonable likelihood the jury construed or applied the prosecutor's questions in an objectionable fashion. This was an open-and-shut case. Because Moya did not register after November 2021, he did not register within five working days of his May 31, 2022, birthday or every 30 days after his initial registration as a transient. Based on the record, we are convinced beyond a reasonable doubt that there was no possibility of a more favorable result. (*Chapman v. California* (1967) 386 U.S. 18, 24.)

Moya's reliance on *People v. Wagner* (1975) 13 Cal.3d 612 does not compel a contrary result. There, the prosecutor engaged in improper questioning of a defendant charged with selling marijuana by questioning him about selling heroin and cocaine without substantiating the criminal conduct implied by those questions. (*Id.* at p. 617.) Our high court concluded that the prosecutor erred by "present[ing] [the defendant] to the jury as a person of criminal tendencies," which "could serve only to reduce and impair his credibility." (*Id.* at p. 621.) Here, in contrast, the prosecutor asked Furlong—not Moya—about the prohibition against registrants entering school grounds. He did not suggest that Moya had entered school grounds but instead confirmed that he had not been detained there. There was no prejudicial error.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.                    YEGAN, J.


5

GILBERT, P. J., Concurring:

I agree that the prosecutor's comments were unnecessary. But I am compelled to note that they were improper. Martin Moya was charged with failing to register as a sex offender. We affirm because the evidence of this offense was overwhelming. He was not charged with entering a school ground.

Questions concerning the prohibition against sex offenders entering school grounds run the risk of improperly inflaming and prejudicing the jury.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

David R. Worley, Judge

Superior Court County of Ventura

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.